IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| TSHOMBE ANDERSON | § | |
| v. | § | Civil Action No. 5:22cv87-RWS-JBB |
| WARDEN SALMONSON | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Petitioner Tshombe Anderson, a former inmate of the Federal Correctional Institution in Texarkana currently on supervised release proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. § 2241 complaining of the calculation of his sentence. The petition was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Petitioner's Complaint**

Petitioner is serving a 10-year sentence from the Northern District of Texas for conspiracy to commit health care fraud. In his petition, Petitioner states that between December 21, 2018 to December 27, 2021, he earned 860 days of credits from EBRR (evidence-based recidivism reduction) Programs and Productive Activities. Since being released to home confinement on December 27, 2021, through May of 2022, he earned an additional 210 days of credits, for a total of 1,070 days. However, he contends that the Bureau of Prisons has only credited him with 365 days, not including statutory good time. He says that his current projected release date is April 16, 2023, but it would be before that if all of his credits were calculated and applied. He asks that this time be properly credited to his sentence, thus transitioning him from pre-release custody to supervised release immediately.

The Respondent has answered the petition arguing that Petitioner failed to exhaust his administrative remedies and that Petitioner received all of the time credits to which he is entitled, arguments which Petitioner contests.

However, the case has a more immediate issue - the jurisdictional question of whether there is an existing case or controversy. *See United States v. Heredia-Holguin*, 823 F.3d 337, 340 (5th Cir. 2016). The on-line records of the Federal Bureau of Prisons show that Petitioner was released from custody on April 14, 2023.

In a "motion for summary judgment" filed after his release (Dkt. No. 22), Petitioner argues that the administrative remedy was unavailable and he should have been excused from exhausting it. With regard to his having been released, Petitioner contends that the time credits to which he asserted entitlement should be applied to his time in supervised release.

The Respondent has filed a response to this motion (Dkt. No. 23) maintaining that upon Petitioner's release, his claims to have First Step Act credits applied to his sentence evaporated and there is nothing to which to apply those credits now. The Respondent also says that Petitioner received all of the time credits to which he is entitled and asks that the case be dismissed for failure to exhaust or, alternatively, as moot.

In his reply (Dkt. No. 23), Petitioner raises a number of procedural arguments contending that the Respondent has conceded all of his points and has waived the right to contest his claims. He characterizes the Respondent's invocation of mootness as "yet another one of the many unsubstantiated assertion made by Respondent in its vain efforts to avoid summary judgment." (Dkt. No. 24, p. 7). He states that he was not released from his sentence on April 16, 2023, because he still has three years of supervised release to serve, which will not expire until April of 2026. Petitioner argues that the time credits can apply to shorten his term of supervised release.

In *Herndon v. Upton*, 985 F.3d 443, 446 (5th Cir. 2021), the petitioner Dawn Herndon pleaded guilty to five counts of bank fraud in the Southern District of Florida. After undergoing extensive medical treatment for cancer prior to sentencing, she received a sentence of 60 months months in prison and three years of supervised release, plus restitution. The 60-month sentence was

2

below the relevant guideline range of 78 to 97 months. The court agreed to allow her to voluntarily surrender one year later, during which time she was released to home confinement with electronic monitoring. She received several extensions of her surrender date until a warrant was ultimately issued and she was taken into custody in April of 2015.

While in prison, Herndon learned that the Bureau of Prisons calculated her sentence from the date she entered custody, in April of 2015, rather than the date she was sentenced in March of 2013. As a result, her anticipated release date, including good time, was set at August 13, 2019. In March of 2017, she filed an unsuccessful motion in the Southern District of Florida asking the district court to amend the judgment to reflect its oral pronouncement, which she claimed had given her credit on her sentence for the time she would spend in home confinement. She then filed a motion to vacate or correct sentence under 28 U.S.C. § 2255, which the district court denied, in part, because sentence credit issues had to be taken up in a § 2241 proceeding in the district of her incarceration. In denying a motion for reconsideration, the trial judge stated that he reduced the period of imprisonment from the guideline range to a lesser amount based on the period of house arrest; he indicated that in determining the 60-month sentence, he considered her surrender date and the fact that she would spend approximately one year on home confinement.

In February of 2018, Herndon, through counsel, filed a § 2241 petition in the district of her incarceration, the Northern District of Texas. She asserted that the Bureau of Prisons improperly denied her credit for the time spent in home confinement. Once this time was considered, she contended that her sentence (computed with good time) should have elapsed in December of 2017, and that her full 60 month sentence would expire on March 24, 2018.

While the petition was pending, the Bureau of Prisons released Herndon on July 19, 2019. Her three-year period of supervised release began that same day.

In September of 2019, the Northern District of Texas *sua sponte* dismissed Herndon's petition as moot. In affirming this decision, the Fifth Circuit stated as follows:

We agree with the district court that Herndon's release mooted her § 2241 petition, notwithstanding her continued supervision, because there was no longer a live case or controversy for which any relief could be granted. Herndon had already received the sole relief sought in her petition: release from confinement. *See Bailey*, 821 F.2d at 278 (dismissing a § 2241 petition as moot following release where "the thrust of [the] petition is to be released from his confinement"). Herndon's § 2241 petition did not seek any corresponding modification of her term of supervised release. Nor would such modification automatically follow. *See United States v. Johnson*, 529 U.S. 53, 57–58, 120 S.Ct. 1114, 146 L.Ed.2d 39 (2000). Even if Herndon served a longer custodial sentence than she was supposed to, she is not entitled to " 'automatic credit' as a means of compensation." *United States v. Jeanes*, 150 F.3d 483, 485 (5th Cir. 1998); see also *Johnson*, 529 U.S. at 58–59, 120 S.Ct. 1114 ("Though interrelated, the terms are not interchangeable.").

Herndon asserts that her appeal is not moot because her term of supervised release can still be modified or terminated by the sentencing court. See 18 U.S.C. § 3583(e). She argues that this case is controlled by our court's decision in *Johnson v. Pettiford*, 442 F.3d 917 (5th Cir. 2006) (per curiam), and thus not moot.

In *Pettiford*, the petitioner filed a pro se § 2241 petition challenging the BOP's determination that he was ineligible for a sentencing credit following his completion of a substance abuse treatment program while in custody. *Id.* at 917. The petitioner was subsequently released from prison and began serving a term of supervised release, and the respondent moved to dismiss the petition as moot. *Id.* at 918. The district court dismissed the petition because the petitioner failed to timely respond in contravention of the local rules. *Id.* at 917-18. This court reversed. *Id.* at 919. In first considering whether the case was moot, we emphasized that under the Supreme Court's decision in Johnson, "a district court may exercise its discretion to modify an individual's term of supervised release, taking into account that an individual has been 'incarcerated beyond the proper expiration of his prison term.' " *Id.* at 918 (quoting *Johnson*, 529 U.S. at 60, 120 S.Ct. 1114). Consequently, we held "the possibility that the district court may alter [the petitioner's] period of supervised release pursuant to 18 U.S.C. § 3582(e)(2), if it determines that he has served excess prison time, prevents [his] petition from being moot." *Pettiford*, 442 F.3d at 918.

The government argues that *Pettiford* is distinguishable here because the Northern District of Texas does not have jurisdiction to modify Herndon's term of supervised release. We agree. Absent a transfer of jurisdiction over a prisoner's term of supervised release, see 18 U.S.C. § 3605, only the sentencing court has authority to modify the terms of a prisoner's supervised release. Thus, the Northern District of Texas—unlike the sentencing court—cannot offer Herndon any further relief.

We have reached this same conclusion in unpublished decisions following *Pettiford*. For example, in *Lawson v. Berkebile*, we held that a pro se § 2241 petition challenging the BOP's denial of early release was mooted by the petitioner's release from custody. 308 F. App'x 750, 752 (5th Cir. 2009) (per curiam) (unpublished). Distinguishing *Pettiford*, we held that even though the petitioner was still serving a term of supervised release, "the district court that denied [petitioner's] § 2241 petition is without jurisdiction to determine, under 18 U.S.C. § 3583, whether he served excess prison time; that determination is to be made by the sentencing court." Id. at 752. Consequently, we held that any "pronouncement by this court ... would not result in 'specific relief through a decree of a conclusive character' with regard

4

> to modification of the sentence." *Id*. (quoting *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971)); *see also Purviance v. Maye*, 439 F. App'x 377, 378 (5th Cir. 2011) (per curiam) (unpublished) (holding that a § 2241 petition was moot where the petitioner had been released from prison and the district court lacked jurisdiction to alter his term of supervised release because it was not the sentencing court).
>
> More recently, in *United States v. Vega*, we echoed this interpretation of *Pettiford* in concluding that a defendant's direct appeal of his sentence was not mooted by his release from prison. 960 F.3d at 673–74. Even though the defendant in *Vega* only challenged his term of imprisonment and not his supervised release, we emphasized that "[i]f the district court determined that [the defendant] had been improperly sentenced, it would 'have the authority to modify [the] conditions of supervised release ... or the authority to terminate obligations of supervised release.' " Id. at 673 (quoting *United States v. Lares-Meraz*, 452 F.3d 352, 355 (5th Cir. 2006)). We cited *Pettiford* as an example of this same proposition: the appeal was not moot "because there remained a 'possibility that the district court may alter [his] period of supervised release ... if it determines that he has served excess prison time.' " *Id*. (alteration in original) (quoting *Pettiford*, 442 F.3d at 918).
>
> Both *Vega* and *Lawson* thus apply *Pettiford* in the same way we do here: an appeal of a district court's order is not mooted by a prisoner's release from custody so long as that court has authority to modify an ongoing term of supervised release.

*Herndon*, 985 F.3d at 446-47 [footnotes omitted].

Petitioner here is in the same situation as the appellant in *Herndon*. He seeks release from confinement and early placement on supervised release, but he has already been released to supervised release; thus, the Court cannot provide the relief he seeks.

While it is true that the possibility of alteration of the period of supervised release can prevent a petition from becoming moot, as in *Pettiford*, that situation does not exist here because Petitioner was not sentenced in the Eastern District of Texas, and so this Court lacks jurisdiction to alter or modify his term of supervised release. As the Fifth Circuit explained in *Purviance*, 439 F.App'x at 378:

> Although a district court may alter a petitioner's period of supervised release in an appropriate case pursuant to 18 U.S.C. § 3583(e)(1) or (2), *United States v. Johnson*, 529 U.S. 53, 60, 120 S.Ct. 1114, 146 L.Ed.2d 39 (2000), the district court in this case lacks jurisdiction to grant such relief with respect to Purviance's 25–year term of supervised release. The sentencing court has jurisdiction over that issue, see § 3583(e), and Purviance was sentenced in another district. A sentencing court can transfer such jurisdiction to another district court, see 18 U.S.C. § 3605, but no transfer occurred in this case. Therefore, there is no possibility that the district court may alter Purviance's period [of] supervised release under § 3583(e), *see Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir.2006), and we dismiss this appeal as moot.

Thus, because there is no relief which the Court can grant to Petitioner, and no possibility that this Court can alter Petitioner's period of supervised release, his release from confinement to supervised release has rendered this petition moot, and the petition should be dismissed on this basis. *Herndon*, 985 F.3d at 446-47.

## RECOMMENDATION

It is accordingly recommended that the above-styled petition for the writ of habeas corpus be dismissed as moot.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 24th day of July, 2024.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE